HARTFORD CASUALTY INSURANCE COMPANY, Plaintiff—Appellee,

v.

POWER PLAY PRODUCTS, INC.; Elliot Buzil; Vincent Devito; Charlie Kuo, aka Charlie C Kuo, Defendants—Appellants.

No. 03–56727.
D.C. No. CV–02–00671–DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2005.

Decided May 4, 2005.

Dean B. Herman, Michelman & Robinson, LLP, Encino, CA, for Plaintiff–Appellee.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Michael J. Bidart, Shernoff, Bidart & Darras, Claremont, CA, for Defendants–Appellants.

Before BRUNETTI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM *

Power Play Products, Inc., et al. ("PPP") appeals the district court order granting Hartford Casualty Insurance Company's ("Hartford") motion for summary judgment and denying PPP's motion for partial summary judgment, and the district court's imposition of discovery sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37.

The district court properly granted Hartford's motion for summary judgment and denied PPP's motion for partial summary judgment. California Insurance Code § 533 precludes indemnification for malicious prosecution judgments, and the judgment against Cables & Accessories, Inc. ("C&A") did not reflect, nor did the jury find, that C&A was vicariously liable for the acts of Richard Shih. *See* Cal. Ins.Code § 533 (denying insurer liability for willful acts of the insured); *see also Downey Venture v. LMI Ins. Co.*, 66 Cal. App.4th 478, 78 Cal.Rptr.2d 142, 156–57 (1998) (concluding that § 533 bars indemnification for a malicious prosecution judgment). Summary judgment was proper because there was no genuine issue of material fact that the insurance policy did not cover the malicious prosecution judgment in favor of PPP.

The district court did not abuse its discretion when it imposed Rule 37 sanctions on PPP by barring it from relying on a stipulation in support of its motion. *See* Fed.R.Civ.P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir.2001). These sanctions were imposed because of PPP's ongoing failure to comply with Rule 26(a), and, even though the exclusion might have made PPP's case more difficult, courts are given "particularly wide latitude" to issue Rule 37 sanctions. *Yeti by Molly*, 259 F.3d at 1106.

Moreover, the district court did not abuse its discretion in finding that PPP failed to show that its noncompliance was either: 1) substantially justified; or 2) harmless. *See id.* (noting that Rule 37 contains these two exceptions in order to "ameliorate the harshness" of the Rule's sanctions). The excuse proffered by PPP for its failure to comply is more properly characterized as a mistake or oversight and does not rise to the level of "substantially justified or harmless." *Id.* Additionally, PPP's allegations that Hartford was not harmed by noncompliance were conclusory and unsupported.

Even if the stipulation had been considered by the district court, PPP still would have lost on summary judgment. Despite the stipulation, the judgment and special jury verdict do not impose vicarious liability. What matters is the language of the state court judgment, not the stipulation that preceded it.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.